UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - LEXINGTON
CRIMINAL ACTION NO. 17-CR-18-DCR-REW

Filed Electronically

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

EDGAR VILLA-CASTANEDA                                       DEFENDANT

---

## SENTENCING MEMORANDUM

---

Defendant Edgar Villa-Castaneda, by counsel, submits the following Sentencing Memorandum setting forth all of the factors the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the applicable law set forth in 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Fanfan*, 542 U.S. 963 (2004). As explained below, Mr. Villa-Castaneda respectfully requests that the Court impose a reasonable sentence and run the same concurrently with his undischarged sentence in the matter styled *United States v. Edgar Francisco Villa Castaneda*, United States District Court for the Eastern District of Kentucky, Criminal Action No. 15-CR-13-SSSS-003.

## BACKGROUND

According to the Presentence Investigation Report (the "Report"), Mr. Villa-Castaneda's total offense level under the Federal Sentencing Guidelines (the "Guidelines") is 43 and his criminal history category is III, resulting in Guidelines range of life imprisonment. Report, ¶¶ 37, 47-48, 64. However, since the statutory maximum for Count One of the Indictment is ten years and the

maximum for Count Two is twenty years, the Report states that Mr. Villa-Castaneda's Guidelines imprisonment range is 120 months for Count One and 240 months for Count Two. *Id.*

ARGUMENT

**I.      Running Mr. Villa's Sentence Concurrently with his Current Sentence complies with the Purposes set forth in 18 U.S.C. § 3553(a).**

In this case, the Court must impose a sentence that is "sufficient but not greater than necessary" to meet the sentencing goals of 18 U.S.C. § 3553. *Kimbrough v. United States*, 552 U.S. 85, 111 (2007). There is no limit on the information the Court can consider in imposing a sentence under 18 U.S.C. § 3553. 18 U.S.C. § 3661. Thus, in imposing a sentence, the Court must consider not only the nature and characteristics of Mr. Villa-Castaneda's present conviction but also his personal history and characteristics.

Although he disagrees with the jury's verdict, Mr. Villa-Castaneda does not wish for the Court to misinterpret this as his attempt the seriousness of the charges for which he was convicted. The charges were serious. However, Mr. Villa-Castaneda respectfully requests that the Court balance this factor with all of the facts of this case, along with his personal history and characteristics and impose a reasonable sentence.

The Report correctly calculates Mr. Villa-Castaneda's adjusted offense level at 43 and his criminal history category of III. Report ¶ 64. While the Guidelines recommend impose consecutive sentences where the "count carrying the highest statutory maximum is less than the total punishment," USSG § 5G1.2(d), the Court is not bound to this recommendation and has the discretion to run both counts concurrently. Likewise, the Court may impose the current sentence to "run concurrently, partially concurrently, or consecutively" to Mr. Villa-Castaneda's currently undischarged sentence "to achieve a reasonable punishment for the instant offense." USSG

2

§ 5G1.3(d); *see also,* 18 U.S.C. § 3584(a) (permitting the court to run terms of imprisonment concurrently or consecutively "on a defendant who is already subject to an undischarged term of imprisonment").  In deciding whether to impose a sentence concurrently or consecutively to an undischarged sentence, the Guidelines recommend courts consider the following factors:

> (i) The factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

> (ii) The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

> (iii) The time served on the undischarged sentence and the time likely to be served before release;

> (iv) The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

> (v) Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

USSG § 5G1.3 note 4.

Several factors in this case merit running Mr. Villa-Castaneda's sentence on his current offenses concurrently with his undischarged sentence.  First, the factors set forth in 18 U.S.C. § 3553(a) support the imposition of a concurrent sentence here.  While Mr. Villa-Castaneda does not dispute the seriousness of the crimes of which he has been convicted, he wishes to place the allegations in their proper context.  Although it was not necessary in order to obtain a conviction on both counts of the Indictment, the United States offered no evidence Mr. Villa-Castaneda possessed any means to act upon his threats.  While it is the threat that causes the harm, Mr. Villa-Castaneda asks the Court to consider the full context of his actions in imposing a sentence here.

The Court must also consider Mr. Villa's history and characteristics.  18 U.S.C. § 3553(a)(1). Mr. Villa-Castaneda does not dispute the seriousness of some of his prior criminal acts; however, he

wishes for the Court to recognize that he has a large and loving family.  He is the father of five children ranging in ages from twenty one years old to eight years old.  Report ¶ 54.  In addition, the Report notes that he is close with his mother, Aida Margarita Castaneda, and his sister, Miriam Elizabeth Villa-Castaneda, who lives in Lexington.  *Id.* ¶ 52.  His current absence from his family is made even more painful by the fact that Miriam Villa-Castaneda is currently suffering from terminal stomach cancer.  *Id.*

The remaining § 3553 factors also merit a concurrent sentence.  A concurrent sentence will promote respect for the law, provide just punishment for the offense, provide adequate deterrence, and protect the public from further crimes Mr. Villa-Castaneda might commit.  According to the United States Bureau of Prisons ("BOP"), Mr. Villa-Castaneda is not scheduled for release on his current charge until December 3, 2029.  *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/. Even if the Court chooses not to run the sentences on both counts of the Indictment concurrently but still runs the total sentence concurrently with Mr. Villa-Castaneda's undischarged sentence, he will not be eligible for release until approximately January 26, 2048.  He would thus serve an additional 217.7 months imprisonment for his current crimes.  Such a lengthy additional sentence would not only punish Mr. Villa-Castaneda, but it would also protect the public.

The length of Mr. Villa-Castaneda's undischarged sentence also merits consideration. According to the United States Bureau of Prisons, Mr. Villa-Castaneda is not scheduled for release on his current charge until December 3, 2029.  *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.  Mr. Villa-Castaneda is currently 43 years old.  Report p. 2.  If the Court runs both counts consecutively with his current undischarged sentence, the BOP would likely

not release him until 2059 when he will be 84 years old.  This will essentially constitute a life sentence.

## II.     The Court should not Impose a Term of Supervised Release.

The Guidelines state that courts should not ordinarily "impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  USSG § 5D1.1(c).  Neither 18 U.S.C. § 115 nor 18 U.S.C. §373 require the Court to impose a term of supervised release.  Additionally, as evidenced by the detainer lodged against Mr. Villa-Castaneda in this matter, Report p. 1, it is likely the United States will deport him upon his release from imprisonment.  He thus respectfully requests that the Court not impose a term of supervised release in association with his term of imprisonment.

<u>CONCLUSION</u>

In sum, Mr. Villa-Castaneda urges the Court, pursuant to 18 U.S.C. § 3553, to impose a reasonable sentence in this matter.  He also respectfully requests that the Court run the sentences imposed on both counts of the Indictment concurrently and run the total sentence concurrently with his undischarged sentence for Case No. 15-CR-13-SSSS-003.  He respectfully asserts that such a sentence will satisfy the objectives of that statute.

Respectfully submitted,

*/s/ Benjamin D. Allen*
Benjamin D. Allen
GESS MATTINGLY & ATCHISON, P.S.C.
201 West Short Street
Lexington, Kentucky 40507
Telephone: (859) 252-9000
Facsimile: (859) 233-4269
Email: benallen@gmalaw.com

ATTORNEY FOR DEFENDANT

5

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing Sentencing Memorandum has been served on January 16, 2018, by filing same via the CM/ECF system, which will send electronic notice to counsel of record in this matter.

*/s/ Benjamin D. Allen*
ATTORNEY FOR DEFENDANT
